7763

DREWERY v. COLUMBIA AMUSEMENT CO.

1. MORTGAGES—CORPORATIONS.—Subsequent lien. creditors cannot attack the validity of a mortgage executed by a corporation for .valuable consideration on ground that all the stockholders were not notified as required by subdivision 8 of section 1889 of Code of 1902, where the majority of the stockholders were notified and attended the meeting authorizing the execution of the mortgage.

2. IBID.—MECHANIC's LIEN.—The lien of a mortgage is subordinate to a builder's lien, the last item in which was furnished before the execution of the mortgage where the statement was filed and action brought within the statutory limit, but it is not subordinate to judgments obtained on such accounts filed and sued after the statutory limit.

3. REHEARING refused.

Before DeVore, J., Richland, July, 1910. Modified.

Action by J. C. Drewery against Columbia Amusement Company and Perry-Mann Electric Company. From Circuit decree, plaintiff appeals.

*Mr. E. J. Best,* for appellant, cites: *The lease in question is the subject of mortgage:* 3 Ency. 164; 153 Fed. 644; 19 N. Y. 344; 71 N. Y. 341; 2 Johns. 523, 609. *Creditors cannot take advantage of irregularity in execution of mortgage by corporation:* 10 Cyc. 1195; 25 So. R. 523; 7 N. W. 695; 96 U. S. 258.

*Mr. D. W. Robinson,* for McGill Bros. and Perry-Mann Electric Company, contra, cites: *Mortgage is invalid:* 53 S. C. 595. *The lease is not a chose in action:* 6 Ency. 3-5; 8 How. 450; 14 S. C. 581; 2 Words & Phrases 1147-8; 71 N. C. 298. *Note and mortgage being both under seal, are not negotiable:* 63 S. C. 438; 38 S. C. 147. *Plaintiff is not a purchaser for value:* 14 S. C. 318; 4 Rich. Eq. 113.

The opinion in this case was filed on June 13th, but remittitur stayed on petition for rehearing until

January 20, 1911.  The opinion of the Court was delivered by

Mr. Justice Gary.  This is an action to foreclose a mortgage executed by the defendant, Columbia Amusement Company, upon its property, consisting of a leasehold interest, for a term of five years, in certain real estate situate in Columbia.

The practical question presented by the exceptions is, whether his Honor, the Circuit Judge, erred in ruling that the mortgage was void, by reason of the failure to comply with the requirements of section 1889, and subdivision 8 of section 1893 of the Code of Laws.

Section 1893 contains the following provisions: "Every corporation chartered under this article shall have the following powers, to wit: * * * (subdivision 8).

"To borrow money for the purpose of carrying out the objects of its charter; to make notes, bonds or other evidences of debt, and upon a vote of the stockholders, had after such notice as is provided in section 1889, to secure the payments of its obligations by mortgage or deed of trust, on all or any of its property and franchises, both real or personal: *Provided, however,* That no such notice or vote shall be required to enable the proper officers of any corporation, to secure the payment of any temporary loan on promissory notes or otherwise, by pledge, or hypothecation of any chose in action, held or owned by such corporation, or of the products, goods, etc., unless such notice and vote be required by the by-laws or rules of such corporation."

Section 1889 provides, that those calling a meeting of the stockholders shall give, at least, thirty days' notice of the time, place and purpose of the meeting, either by the mailing

of written notices to each stockholder, or else by publication in some newspaper published in the county.

While notice was not given to every stockholder, a majority of them participated in the execution of the mortgage, for which the company received valuable consideration.

The principle governing such cases is thus stated in 10 Cyc. 1195-6:

"Where a mortgage is voidable, by reason of the failure to comply with a statutory formality, in its authorization or execution, then, upon the question of the right to impeach it, it will be necessary to consider for whose benefit the statutory formalities were prescribed. Where, for instance, the meeting of the stockholders, called to authorize the giving of the mortgage, was not notified in compliance with the statute, it was held that the mortgage could not for that reason be impeached by subsequent lien creditors, because the statutory provision was intended for the protection of the shareholders, and more especially where the corporation and shareholders had become estopped from impeaching it by the fact of the corporation having received and retained the benefits accruing under it."

There is another reason why it cannot be successfully contended that the execution of the mortgage was *ultra vires.*

The Court in the case of *Vought* v. *Eastern B. & L. Asso.*, 172 N. Y. 508, ruled as follows:

"We deem it unnecessary, at this time, to determine whether the defendant was authorized by that statute to enter into such contracts, for, if we assume that the making of them was in excess of the express power conferred upon the corporation by that statute, still, as the contracts involved no moral turpitude, and did not offend any express statute, they were not illegal in a sense, that would prevent the maintenance of an action thereon. It is now well settled, that a corporation cannot avail itself, of the defense

of *ultra vires,* when the contract has been, in good faith, fully performed by the other party, and the corporation has had the benefit of the performance and of the contract. As has been said, corporations, like natural persons, have power and capacity to do wrong. They may, in their contracts and dealings, break over the restraints imposed upon them by their charters; and when they do so, their exemption from liability cannot be claimed on the mere ground that they have no attributes or facilities which render it possible for them to thus act. While they have no right to violate their charters, yet they have capacity to do so, and are bound by their acts, where a repudiation of them would result in manifest wrong to innocent parties, and especially where the offender alleges its own wrong, to avoid a just responsibility. It may be that, while a contract remains unexecuted upon both sides, a corporation is not estopped to say, in its defense, that it had not the power to make the contract sought to be enforced; yet, when it becomes executed by the other party, it is estopped from asserting its own wrong, and cannot be excused from payment upon the plea, that the contract was beyond its power."

This language is quoted with approval in *Eastern B. & L. Asso.* v. *Williamson,* 23 Sup. Ct. Rep. 527, and is in harmony with the principle announced in *Williamson* v. *Eastern B. & L. Asso.,* 54 S. C. 582, 32 S. E. 765.

The lien of the mortgage, however, is subordinate to the claim of the Shand Builders' Supply Company. The master finds that the last item in the account of that company, for materials furnished, is dated the 22d of May, 1909; the mortgage was executed on the 14th and recorded on the 15th of June, 1909; the said company filed its statement within the time prescribed by statute, and began its action, within the required time, to enforce payment of its lien.

But the subsequent judgments, recovered by the other creditors, are not entitled to such priority, as it does not

appear that they filed the statement required by section 3012, nor that the suits for the enforcement of their respective liens, were commenced within the time mentioned in section 3014 of the Code of Laws. *Hughes* v. *Shingle Co.,* 51 S. C. 1, 28 S. E. 2.

Modified.

January 20, 1911. PER CURIAM. This is a petition for a rehearing.

The questions presented by the first, second, third, fifth, sixth, seventh and eighth exceptions were disposed of when we construed section 1889 and subdivision 8 of section 1893 of the Code of Laws; and the appellant's attorneys did not argue the fourth exception further than to say: "It having been substantially touched in our treatment of the other exceptions, the same will not here be treated separately."

The findings of fact and conclusions of law by the master and Circuit Judge are in nowise involved by this appeal, as to the credits upon the mortgage and the amount remaining due thereon.

It cannot, therefore, be successfully contended that any material question was overlooked. The petition is dismissed and the order staying the remittitur revoked.